# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MARIO TERRELL SANDERS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 1375 |
| | ) |
| **SHERIDAN CORRECTIONAL CENTER**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This action brought pro se by Sheridan Correctional Center ("Sheridan") inmate Mario Terrell Sanders ("Sanders") has just been reassigned to this Court's calendar. Because Sanders' allegations describe truly intolerable living conditions to which he is being subjected, this Court hastens to address some threshold conditions that Sanders must overcome before his lawsuit can go forward.

To begin with, Sheridan is not a legal entity that can be named as a defendant. Non-lawyer Sanders cannot of course be expected to be aware of or to cope with that and other procedural or technical requirements, but if he were to overcome the other problems dealt with in this memorandum order this Court would not dismiss the case on that ground. Instead it would contemplate designating counsel to represent him without charge (more on this later) so that the designated counsel could deal with such matters on a lawyerly basis.

To turn to other matters that Sanders himself can deal with, the first of those is the precondition to any prisoner lawsuit that Congress has established in 42 U.S.C. § 1997e(a): the need to exhaust all available administrative remedies. Because Complaint ¶ IV (Sanders' Statement of Claim) reflects that he was transferred to the housing unit about which he

complains on January 30 and the Complaint was signed by him just three weeks later (on February 21), there is clearly no way in which he can have satisfied that precondition to suit in the interim (indeed, Sanders does not allege that he has even sought to invoke such administrative remedies as are available). That alone would call for dismissal of the Complaint and this action (but without prejudice).

But there are other problems with Sanders' lawsuit as well. Those will also need to be taken care of if his action is to go forward.

First, he has neither paid the $350 filing fee nor, as is usually the case with prisoner lawsuits, has he complied with the provisions of 28 U.S.C. § 1915 that permit such payment to be made in small amounts on a long-term basis. For that purpose an inmate must complete an In Forma Pauperis Application ("Application") and submit it together with the custodial institution's (in this case Sheridan's) printout showing the transactions in his trust fund account there for the six-month period preceding the filing of the lawsuit (in this instance that would cover at least the period from August 21, 2013 through February 21, 2014). Accordingly this Court is sending copies of the blank Application form to Sanders together with a copy of this memorandum order.

Lastly, if Sanders wishes to be represented by a lawyer he must fill out another form for that purpose after having made some effort to obtain a lawyer on his own. Although this Court recognizes the difficulty that someone in prison has in making any such efforts, it is a requirement that has been imposed by decisions from our Court of Appeals. So copies of the Clerk's-Office-prepared motion form for requesting such designation are also being sent to Sanders.

It is regrettable that there are so many hurdles that Sanders must overcome before what appears to be a legitimate grievance can proceed as a lawsuit, but this Court has no alternative other than to follow the law. Hence, in accordance with what has gone before:

1. Both Sanders' Complaint and this action are dismissed without prejudice.

2. If, as and when Sanders takes care of the several matters dealt with in this memorandum order, all of his court filings should continue to carry the 14 C 1375 case number.

3. When those matters have been properly addressed, Sanders will <u>not</u> have to file a new Complaint. Instead this Court will cause the case to be reopened under the same case number.

That said, Sanders will be required to cure all of the flaws identified here on or before June 5, 2014, failing which the without-prejudice dismissal ordered here will become a dismissal with prejudice.

Milton I. Shadur
Senior United States District Judge

Date: March 5, 2014